ALBANY,
Feb. 1827.

Cayuga Br. Co.
v.
Stout.

## *THE CAYUGA BRIDGE COMPANY *against* STOUT.

*Any person crossing the Cayuga lake on the ice within three miles of the Cayuga bridge, is liable to pay toll to the Cayuga Bridge Company, the same as if he crossed the bridge; within the statute, (sess. 21, ch. 21, s. 2, 3 W. 462, 3.*

*So far as the opinion expressed in Sprague v. Birdsall, (2 Cowen, 419,) conflicts with this proposition, it is not law; though the decision of that case was right.*

*Accordingly, where one who crosses on the ice, does not enter on the lake within 3 miles of the bridge, he is not liable for toll, unless his course is intended as an evasion of the statute.*

ON error from the Seneca C. P.

The Cayuga Bridge Company sued Stout in a justice's court of Seneca county, for toll due them from him for crossing the Cayuga lake on the ice, within three miles of the bridge. The action was founded on the 2d section of the act amending the statute incorporating the plaintiffs,(*a*) passed March 1, 1799, (sess. 21, ch. 21, 3 W. 462, 3;) providing that, after the bridge of the plaintiffs was completed no person should cross the lake, within 3 miles of the bridge, without paying the toll established by law; but that any person might pass and repass in his own boat, without being subject to toll. The justice gave judgment for the defendant. The plaintiffs appealed to the Seneca C. P. where the cause was tried; and the jury found a special verdict; that the defendant crossed the Cayuga lake, on the ice, in his own one-horse sleigh, within less than 3 miles of the bridge, without paying toll, though it was demanded of him by the agent of the plaintiffs.

On this verdict, the court below gave judgment for the defendant; and the plaintiffs brought error to this court.

*J. L. Richardson* and *J. Platt*, for the plaintiffs in error.

*L. F. Stevens*, contra, cited *Sprague* v. *Birdsall*, (2 Cowen, 419.)

*Curia, per* SUTHERLAND, J. I entertain some doubt of the correctness of the construction put upon the act incorporating the Cayuga Bridge Company, in *Sprague* v. *Birdsall*, (2 Cowen, 413.) The decision in that case was un questionably correct. The plaintiff did not cross the lake within 3 miles of the bridge, within the meaning of the act.

---

(*a*) For the act of incorporation, vid. 3 Greenleaf, 434, sess. 20, ch. 59.

He went upon the ice about 6 miles from the bridge. Although he left the lake within 3 miles of the bridge, he *did not cross it within that distance. To constitute a crossing of the lake within the meaning of the act, the place of entering upon, as well as leaving the lake, on ice, must be within 3 miles of the bridge; unless it appears that it was entered upon, or left at a greater distance for the manifest purpose of evading the act. But it seems to me, that the chief justice, in that case, extended the proviso beyond the natural construction, and the probable intention of the legislature. It is admitted, that the enacting clause prohibits all crossing, as well on the ice as with boats, within 3 miles. The last member of this section, however, qualifies the general prohibition, by making it "lawful for any person or persons to pass or repass with his or their own boat." The equity and reason of the qualification was supposed to extend to a case like the present. But there are many obvious and forcible considerations applicable to the one, which do not apply to the other. The privilege of crossing in their own boats, might be a great accommodation to the inhabitants within the immediate vicinity of the bridge; and being applicable to them only, would not severely affect the revenue of the company. But the privilege of crossing on the ice, if it exist at all, exists in relation to all travellers. It would deprive the company, probably, of a large proportion of the tolls. The judgment must be reversed; and a *venire de novo* awarded from the Seneca common pleas.